**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**UNITED STATES OF AMERICA,**

   **- v -**

**STEVEN SCIPPIO,**

               **Defendant.**
-------------------------------------------------------------------x

**ORDER**

**04 CR 0354 (NG)**

**GERSHON, J.:**

After a trial by jury, defendant Steven Scippio was convicted of conspiring to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 and § 841. Defendant now moves for a new trial based on "newly discovered" evidence pursuant to FED. R. CRIM. P. 33.

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." To prevail on a motion for a new trial pursuant to Rule 33 based on "newly discovered" evidence, a defendant must show that the evidence: (1) is in fact new, i.e., it could not have been discovered, exercising due diligence, before or during trial; (2) is material and non-cumulative; and (3) would probably have led to an acquittal if admitted. *United States v. Siddiqi*, 959 F.2d 1167, 1173 (2d Cir. 1992). A motion for a new trial based on "newly discovered" evidence is not favored, and a district court may grant the motion only in the most extraordinary circumstances. *United States v. Diaz*, 176 F.3d 52, 106 (2d Cir. 1999).

The "newly discovered" evidence alleged by defendant is in the form of statements by Jalik Wilson and David Jones, who both have pled guilty and been sentenced for involvement in the same

1

conspiracy for which defendant went to trial.[1] While the parties argue whether the statements in fact constitute "newly discovered"evidence, it is unnecessary to address those arguments because, in light of the strength of the evidence against defendant, the statements by Wilson and Jones, even if "newly discovered" evidence, would not have led to the defendant's acquittal had it been presented at trial.

The evidence at trial as to defendant's guilt was abundant. Four witnesses testified regarding defendant's involvement in the conspiracy. Tyrone Millington, a dealer in the narcotics trafficking organization, testified that defendant was a manager of the organization, that he supplied Millington and others with crack cocaine, and that defendant collected the money derived by the drug sales made by Millington and others. Millington also testified that because of his cooperation with the government, defendant threatened him several times. Cedric Ford, another dealer for the organization, also testified that defendant was a manager of the organization, supplied him and others with crack cocaine, and collected money derived from drug sales made by him and others. Ford also testified that the defendant threatened to harm any witnesses that testified against him at trial. Damel Ford, another member of the conspiracy, like Millington and Cedric Ford, testified that

---

[1] Jalik Wilson's statement, which appears to be sworn, states:
I Jalik Wilson pleaded guilty to "conspiracy to distribute narcortics [sic]." Accepting my responsibilities before the honorable Judge Nina Gershon, and would hope that this affadavit [sic] is accepted as well. I am mentioning for the record that Steven Scippio was not apart [sic] of others that I conspired with in distributing narcotics on or about and between 1998-2004.

The statement by David Jones, which is unsworn, states:
I David Jones hereby state for the district court of the eastern district (04-CR-354) that the defendant Steven Scippio have [sic] never conspired with myself or others during the time alleged (1998-2004). I've accepted my responsibilities and would like this sworn statement to be accepted, Thank You.

defendant was a manager of the organization, supplied him and other dealers with crack cocaine, and collected the drug proceeds from them. Although these witnesses were cooperators, they were subjected to cross-examination on that basis, and their testimony as to defendant's involvement in the conspiracy was detailed and compelling. In addition, the claimed inconsistencies in their testimony were not significant. Although there were some differences in their testimony, they essentially corroborated one another as to defendant's involvement and role in the conspiracy. Despite the absence of physical evidence against defendant, the jury found the witnesses credible. In contrast, conclusory evidence from two sentenced co-defendants, even assuming they would agree to testify at a new trial--a matter they do not address in their statements--who have nothing to lose by now exonerating defendant, would be suspect. Finally, Stanley Sheffield, a civilian witness who lived at one of the locations from which the organization operated, testified that defendant and Joseph Baker, another member of the narcotics trafficking organization, assaulted him with a baseball bat after he told the defendant he was going to call the police about the drug conspiracy. Damel Ford corroborated Sheffield's testimony.

Given all of the evidence against him, I find that, even had the alleged "newly discovered" evidence been presented at trial, it would not have led to an acquittal. Accordingly, defendant's motion for a new trial pursuant to FED. R. CRIM. P. 33 is denied.

SO ORDERED.

_____/s/_____
**NINA GERSHON**
**United States District Judge**

**Dated:      August 3, 2006**
**             Brooklyn, New York**